# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

EDWARD SIMMONS AND FREDERICK W. GROSS, RESPONDENTS, *v.* THOMAS CLOONAN AND THE CITY OF KINGSTON, APPELLANTS.

*Conveyance — in pursuance of contract — relates back to date of contract — what appurtenant — Water power — Mill site — condition and use of property at time of conveyance — effect of, on rights of grantee — Distinction in rights of parties, where an easement is united to property by tenant and by owner.*

APPEAL from a judgment granting a perpetual injunction entered upon the report of a referee.

The Court of Appeals, when this case was formerly before it (47 N. Y., 3), reversed the judgment in favor of the plaintiffs, and granted a new trial. It appeared that one Hasbrouck, the owner of a piece of real estate known as "the old mill" in his individual right, and adjoining property and a dam and reservoir near thereto, as trustee, sold "the old mill" property to one Brown, with the right to use the water of the reservoir for mill purposes, with a condition that in case the mill should not be kept in use the water privilege, etc., should revert to him, Hasbrouck. Afterward Hasbrouck became the owner of the property held by him as trustee. Subsequently Hasbrouck contracted with Brown to sell him a piece of the real estate adjoining "the old mill," the contract making no mention of any water privilege. Brown erected a mill on the last mentioned piece and took the water from the reservoir for its use, abandoning the old mill. Brown assigned his contract to one Smith, to whom Hasbrouck conveyed the rights which, by his contract, he was bound to convey to Brown. Smith conveyed to the plaintiffs. Hasbrouck conveyed the land covered by the reservoir to the defendant Cloonan who commenced filling up the same,

having entered into a contract with the city of Kingston to repair a sewer at the point in question. The Court of Appeals held that the deed of Hasbrouck to Smith related back to the date of his contract with Brown, and was not a contracting between the parties to the deed, in reference to the condition of the property at its date, and, as a consequence, the right to the use of the reservoir, dam, etc., did not pass as an incident or appurtenant to the premises conveyed.

On a new trial before a referee, with but slight change in the facts, he found in favor of the plaintiff.

On appeal therefrom, the court at General Term say: If Hasbrouck, being the absolute owner of the mill site and the reservoir, had applied the water power as it has been done by Brown, and then sold the site, the water power would have passed as an appurtenant. (*Lampman* v. *Milks*, 21 N. Y., 505.) But if Hasbrouck had leased to Brown, and he had made the same application, and during the lease Hasbrouck had sold the site, the deed would not have carried the rights to water and reservoir. So held by POPHAM, Ch. J., in *Nicholas* v. *Chamberlain* (2 Croke R., 121), a leading case upon which Judge SELDEN relies in *Lampman* v. *Milks* (*ante*). " If a lessee erects a conduit and afterwards the lessor during the lease sell the house to one, and the land whereon the conduit is to another, and after the lease determines, he who hath the land wherein the conduit is, may disturb the other in the using thereof, and may break it because it was not erected by one who had a permanent estate, or inheritance nor made one by the occupation and usage of them together by him who had the inheritance."

In this case Hasbrouck had not a permanent estate or any estate in the new mill lot, except a naked title in trust as security, nor did he occupy or use the two pieces of property together.

There never was a conjunction of title occupation or usage of the water power, as applied to the new mill site in Hasbrouck, and therefore the principle contended for by the plaintiffs does not apply.

The decision of this case when in the Court of Appeals is still applicable, notwithstanding the very slight change in the facts proved.

Recognizing that as controlling authority, the judgment should be reversed and a new trial granted, with costs to abide the event.

*S. L. Stebbins,* for the appellants.

*Wm. Lounsbery,* for the respondents.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgment reversed and new trial ordered, costs to abide event.